UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>v.<br><br>Maria Lynn Burke,<br>    Defendant,<br><br>and<br><br>Midas Resources, Inc.,<br>    Garnishee. | Case No. 00-cr-00106 (MJD/HB)<br><br><br><br>**REPORT AND<br>RECOMMENDATION** |

Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff

Maria Lynn Burke, *pro se*

HILDY BOWBEER, United States Magistrate Judge

## I.     Introduction

This matter is before the Court on Defendant's Objection to Writ of Garnishment and Request for Hearing [Doc. No. 75]. For the reasons set forth below, the Court recommends overruling Defendant's objection and entering an order that garnishes ten percent (10%) of Defendant's wages directly from her employer.

## II.    Background

In 2001, Defendant was sentenced to imprisonment of twelve months and one day, and three years of supervised release for violations of 18 U.S.C. § 1709. (Sentencing J. [Doc. No. 49].) Defendant was ordered to pay a special assessment of $100.00 and

restitution of $65,454.38. (*Id.*) Defendant initially entered into a payment plan requiring her to pay $25.00 per month. At some point, that payment plan was revised to $75.00 per month. On at least ten occasions since 2005, the Government notified Defendant that she was delinquent on her payment plan. (Berger Decl. ¶ 2 [Doc. No. 77].) Over the years, upon receiving the Government's notices, Defendant would contact Brandon Berger, paralegal specialist in the financial litigation unit at the United States Attorney's Office for the District of Minnesota, make the back payments, and catch up with her plan before the Government took further action to enforce the obligation. On December 8, 2014, the Government notified Defendant that she was delinquent again, and if she did not pay $525.00 within ten days of the letter to bring her account up to date, the Government would

> enforce collection of this judgment debt, without further notice, under the Federal Debt Collections Procedures Act, including submitting your name to Treasury for inclusion in the Treasury Offset Program, continuous garnishment of your earnings and/or a court ordered installment payment plan.

(Berger Decl. Ex. A [Doc. No. 77-1].) Defendant contends she did not receive this letter, but admits that she was once again several months delinquent on her payments and did not contact anyone or make additional payments under her plan.

Because restitution remained unpaid, the Government served a Writ of Continuing Garnishment on Defendant's employer, Midas Resources Inc. ("Midas") on April 6, 2015. (Pl.'s Resp. Def.'s Objection at 2 [Doc. No. 76]; Berger Decl. Ex. L [Doc. No. 77-1].) Midas answered on April 15, 2015, indicating there were available future earnings under this garnishment in the amount of $291.46 biweekly, which represented 25% of

Defendant's pay. (Garnishee Answer [Doc. No. 72].) The Clerk of Court received two payments from Midas, totaling $582.92, and is holding them pending entry of a garnishment order. (Pl.'s Resp. Def.'s Objection at 2.) From 2005 to present, excluding the two payments from Midas, Defendant has made direct payments totaling $1,932.57. (Berger Decl. Ex. K [Doc. No. 77-1].) As of May 19, 2015, Defendant had an outstanding debt of $62,938.89.[1] (Berger Decl. ¶ 3.)

In a letter to the Court dated April 17, 2015, Defendant requested that garnishment of her wages be stopped due to financial hardship, and that her payments be reduced to $25.00 per month. (Apr. 17, 2015, Letter [Doc. No. 75].) In a letter to the Court dated June 2, 2015, Defendant stated that if garnishment continued, she would have to stop her car and health insurance, which would prevent her from purchasing prescriptions that enable her to work; and she offered to pay $75.00 per month. (June 2, 2015, Letter [Doc. No. 79].) She also identified certain exemptions from garnishment that she believed applied to her case.

The Court heard Defendant's objection to the writ of garnishment on June 29, 2015. (Court Mins. [Doc. No. 82].) At the hearing, in addition to reiterating the hardship objections set forth in her letter, Defendant explained that she had fallen behind in her payments during 2014 because she was paying off a tax liability, and had intended to turn her attention once again to complying with her payment plan. She also expressed concern that her income varies from pay period to pay period depending on how many

---

[1] On August 15 and October 15, 2001, the Government assessed penalties under 18 U.S.C. §§ 3572(h), (i), and 3612(g), which were later waived under 18 U.S.C. § 3612(h). (Pl.'s Resp. Def.'s Objections at 3 [Doc. No. 76].)

3

hours she works, but the same dollar amount was garnished for both pay periods thus far, even though her earnings were different.[2] She further requested that payments be taken from her bank account rather than her employer.

## III.   Discussion

In response to Defendant's objection, the Government argues that: (1) hardship is not a defense to garnishment; (2) the Government complied with the statutory prerequisites; (3) Defendant states no valid claim for exemptions; and (4) the victims are entitled to timely restitution.  (Pl.'s Resp. Def.'s Objection at 3-7.)  The Court agrees.

First, sister courts have found that hardship is not a basis for quashing garnishment.  *United States v. Hubbard*, No. CR94-0019, 2010 WL 2169073, at *3 (N.D. Iowa May 28, 2010) (citing *United States v. Lawrence*, 538 F. Supp. 2d 1188 (D.S.D. 2008)).  Such finding is consistent with 28 U.S.C. § 3202, which does not identify hardship as a basis for objecting to garnishment.[3]

Second, the Government complied with the statutory prerequisites to garnish Defendant's wages.  *See* 28 U.S.C. § 3205.  In compliance with § 3205(b), the application for writ of garnishment properly identifies: (1) Defendant's name, social security number, and last known address; (2) the nature and amount of the debt owed,

---

[2] Counsel for the Government indicated at the hearing that if the garnishment continues, the Government would clarify with Midas that the amount garnished should be a fixed percentage of the income earned, rather than a fixed dollar amount, each pay period.

[3] 28 U.S.C. § 3202 sets forth the bases for objecting to garnishment: (1) whether Defendant states a valid claim for exemption; (2) whether the Government complied with the statutory requirements for issuing the post-judgment remedy granted; and (3) if the judgment is by default, the probable validity of the claim for the debt and any good cause for setting aside the judgment.  28 U.S.C. § 3202(d).  The debtor bears the burden of proof on all objections.  28 U.S.C. § 3205(c)(5).

that more than thirty days elapsed since demand on Defendant for payment of the debt was made, and Defendant had not paid the amount due; and (3) that Defendant is believed to have possession of property, including nonexempt disposable earnings, in which she has a substantial nonexempt interest.  (Application Writ Continuing Garnishment at 1-2 [Doc. No. 71].)

Third, Defendant has not stated a valid claim for exemptions.  Defendant indicated the following exemptions:

- Wearing apparel and school books, under 26 U.S.C. § 6334(a)(1);

- Fuel provisions, furniture, and personal effects up to $1,650, under 26 U.S.C. § 6334(a)(2); and

- Undelivered mail, under 26 U.S.C. § 6334(a)(5).

(Apr. 17, 2015, Letter, Claim for Exemptions [Doc. No. 75].)  Her letters to the Court do not mention these claimed exemptions.  Defendant may be assuming that she can exempt the dollar amounts she normally spends on the above categories from the garnishment of her wages.  However, 18 U.S.C. § 3613(a)(1) simply provides that Defendant can keep these items up to the specified amount in value, if the Government levies against them.  Here, the Government has not levied against her wearing apparel, school books, fuel provisions, furniture, personal effects, or undelivered mail.  Rather, it levied against her wages, which is permissible.  Defendant, therefore, cannot object to garnishment on this basis.

Fourth, the Court observes the value of timely restitution.  *See* 18 U.S.C. § 3771(a)(6) (stating that a crime victim has "[t]he right to full and timely restitution as provided in law").

That said, the Court is not without sympathy to Defendant's financial straits.  The Government noted at the hearing that Defendant arranged to discharge her tax liability by making payments in an amount that was approximately ten percent of her earnings.  The Government requested, therefore, that the Court set garnishment, at minimum, at ten percent of Defendant's earnings, and that the Government be able to keep the wages already garnished.

Accordingly, the Court finds that the Government has shown it is entitled to garnish Defendant's wages, and also finds that a garnishment rate of ten percent is appropriate under all the circumstances.  Defendant repeatedly disregarded her obligation to pay restitution at the significantly reduced level the Government previously accorded her, and she has forfeited her opportunity to retain that payment plan.  While Defendant argues she was able to make the higher payments to discharge her tax liability only by forgoing her insurance coverage, she has no less an obligation to make restitution to the victim of her crime than she did to pay her taxes.  And, given Defendant's history of late payments, garnishing her wages directly from her employer rather than from her bank account is warranted.   Finally, the Government should be permitted to retain the wages garnished from Defendant thus far, in light of the significant amount of restitution still owed by Defendant.

The Government is directed, however, to confirm with Midas that the amount garnished per pay period is not a fixed dollar amount but a fixed percentage, and that the dollar amount may therefore vary depending on Defendant's earnings per pay period.

## IV.    Recommendation

Based on the foregoing and all of the files, records, and proceedings herein, the Court recommends **OVERRULING** Defendant's objection and entering an order that garnishes ten percent of Defendant's wages directly from her employer.

Dated:  July 1, 2015                              s/ *Hildy Bowbeer*
                                                  HILDY BOWBEER
                                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.